John T. Pion, Esquire
Michael F. Nerone, Esquire
Bradley N. Sprout, Esquire
Attorney I.D. No. 43675 / 62446 / 203182
E-mail: jpion@pionlaw.com
E-mail: mnerone@pionlaw.com
E-mail: bsprout@pionlaw.com

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
2404 Park Drive
Harrisburg, PA 17110
Phone: 717-737-5833                                                  **Attorneys for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEPKA | : |
|     Plaintiff | : No._____ |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : |
| CHARLES H. GARTON, III, RUAN TRANSPORT CORP., and RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC. | : |
|     Defendants | : JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

Defendants, Charles H. Garton, III, Ruan Transport Corp., and Ruan Transportation Management Systems, Inc., by and through their undersigned counsel, John T. Pion, Esq., Michael F. Nerone, Esq., and Bradley N. Sprout, Esq., and Pion, Nerone, Girman, Winslow & Smith, P.C., hereby submit the following Notice of Removal pursuant to 28 U.S.C. §1441 and remove the state court action described below to the United States District Court of the Middle District of Pennsylvania.

1. On or about March 9, 2022, the Plaintiff, Michael Lepka, commenced an action against Charles H. Garton, III, Ruan Transport Corp., and Ruan Transportation Management Systems, Inc. by filing a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, Docket No. 22-cv-1025 (the "Lawsuit"). A copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

2. The Court of Common Pleas of Lackawanna County is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

3. On March 17, 2022, Plaintiff served Ruan Transportation Management Systems, Inc. with the Complaint. (See Service of Process Transmittal, a copy of which is attached hereto as **Exhibit B**).

4. Accordingly, removal is being made within the time permitted by 28 U.S.C. § 1446(b)(2)(B).[1]

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants, who are all represented by the undersigned counsel, consent to the removal of the Lawsuit to this Court.

---

[1] To counsel's knowledge, Charles H. Garton, III, and Ruan Transport Corp. have not yet been formally served with the Complaint. Regardless, even if they have been served, removal is still timely, as the Lawsuit was not even commenced until March 9, 2022.

6. Removal of the Lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction – specifically, diversity jurisdiction under 28 U.S.C. § 1332 – over Plaintiff's claims.

7. The requirement of complete diversity between Plaintiff and Defendants is met, as set forth below:

    a. Plaintiff resides in, and thus is a citizen of, Pennsylvania. (See **Exhibit A**, Complaint, ¶ 1).

    b. Charles H. Garton, III, resides in, and thus is a citizen of, Virginia. (See **Exhibit A**, Complaint, ¶ 2).

    c. Ruan Transport Corp. is a citizen of Iowa, as it is both incorporated in Iowa and has its principal place of business in Iowa. (See **Exhibit A**, Complaint, ¶ 3).

    d. Ruan Transportation Management Systems, Inc. is a citizen of Iowa, as it is both incorporated in Iowa and has its principal place of business in Iowa. (See **Exhibit A**, Complaint, ¶ 5).

    e. As such, there is complete diversity of citizenship between the Plaintiff and the Defendants.

    f. Moreover, none of the Defendants are citizens of Pennsylvania and, thus, the requirements of 28 U.S.C. § 1441(b)(2) are met.

8. The requirement of an amount in controversy in excess of $75,000 is met, as set forth below:

a. The Lawsuit arises out of a motor vehicle accident between a tractor trailer operated by Charles H. Garton, III, and an SUV operated by Plaintiff that occurred on July 8, 2020, on Interstate 81 in Lebanon County, Pennsylvania.

b. Plaintiff's Complaint makes a claim for unliquidated damages in excess of $50,000 (the amount which exempts a case from compulsory arbitration), but does not demand a specific sum.

c. Nonetheless, Plaintiff seeks to recover damages for "serious and permanent injuries" sustained by Plaintiff that includes: "traumatic brain injury, headache, body stiffness and limited movement, bilateral arm pain, low back pain with pain and tingling radiating into his lower extremities, neck pain, knee pain, and mid-back injury including T11-T12 disc bulge[.]" (See **Exhibit A**, Complaint, ¶¶ 16-17).

d. As a result of his alleged injuries, Plaintiff is seeking to recover damages for (1) past, present, and future pain and suffering, (2) past, present, and future emotional distress and mental anguish, (3) past, present, and future medical expenses, (4) past, present, and future loss of life's pleasures, and (5)

past, present, and future loss of earnings and/or loss of earning capacity. (See **Exhibit A**, Complaint, ¶ 23).

      e.    The alleged nature of Plaintiff's alleged injuries and claimed damages make it clear that the damages that Plaintiff will seek in the Lawsuit will exceed the jurisdictional requirement of $75,000. See Russo v. Wal-Mart Stores East, L.P., 2017 U.S. Dist. LEXIS 69633, *4-5 (M.D. Pa. 2017) (holding that allegations of significant injuries and damages in a complaint will trigger notice by the defendant that an amount in excess of the jurisdictional amount is at issue for purposes of the removal period); Sims v. PerkinElmer Instruments, LLC, 2005 U.S. Dist. LEXIS 5300, *10-11 (E.D. Pa. 2005) (same).

      f.    As such, upon information and belief, Defendants aver that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.    For the reasons set forth above, removal of the Lawsuit to this Court is just and proper.

10.    Upon confirmation of filing and docketing with this Court, this Notice of Removal shall be provided to all parties, as well as the Court of Common Pleas of Lackawanna County, in accordance with 28 U.S.C. § 1446(d).

Respectfully Submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

Date: March 29, 2022      By: _____
John T. Pion, Esquire
PA I.D. #43675
Michael F. Nerone, Esquire
PA I.D. #62446
Bradley N. Sprout, Esquire
PA I.D. #203182

## CERTIFICATE OF SERVICE

I, Bradley N. Sprout, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendants, Charles H. Garton, III, Ruan Transport Corp., and Ruan Transportation Management Systems, Inc., hereby state that a true and correct copy of the foregoing **Notice of Removal** was served upon all counsel of record via email and U.S. First-Class Mail, postage prepaid, as follows:

>Robert W. Munley, III, Esquire
>Munley Law PC
>The Forum Plaza
>227 Penn Avenue
>Scranton, PA  18503
>Email: bobm@munley.com
>**Attorneys for Plaintiff**

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

Date: March 29, 2022

BRADLEY N. SPROUT, ESQUIRE
Attorney I.D. No. 203182