# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____LACKAWANNA_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: 22CV1025 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** MICHAEL LEPKA

**Lead Defendant's Name:** CHARLES H. GARTON, III

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** ROBERT W. MUNLEY, III, MUNLEY LAW, P.C.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Updated 1/1/2011

Munley Law, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503
(570) 346-7401
(570) 346-3452 (fax)

**Attorneys for Plaintiff**

| | |
|---|---|
| MICHAEL LEPKA<br>2079 North Main Avenue<br>Scranton, PA 18508<br><br>Plaintiff<br><br>v.<br><br>CHARLES H. GARTON, III<br>129 Jackson Street<br>Gordonsville, VA 22942-9225<br><br>RUAN TRANSPORT CORP.<br>666 Grand Avenue<br>Des Moines, IA 50309<br><br>and<br><br>RUAN TRANSPORTATION<br>MANAGEMENT SYSTEMS, INC.<br>PO Box 855<br>Des Moines, IA 50306-0855<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>OF LACKAWANNA COUNTY<br><br><br><br><br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br>No. 22CV1025 |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS

OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

North Penn Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
570-299-4100

Pennsylvania Lawyer Referral Service
Lackawanna Bar Association Lawyer Referral Service
233 Penn Avenue
Scranton, PA 18503
570-969-9161

Munley Law, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503
(570) 346-7401
(570) 346-3452 (fax)

**Attorneys for Plaintiff**

| | |
|---|---|
| MICHAEL LEPKA<br>2079 North Main Avenue<br>Scranton, PA 18508<br><br>Plaintiff<br><br>v.<br><br>CHARLES H. GARTON, III<br>129 Jackson Street<br>Gordonsville, VA 22942-9225<br><br>RUAN TRANSPORT CORP.<br>666 Grand Avenue<br>Des Moines, IA 50309<br><br>and<br><br>RUAN TRANSPORTATION<br>MANAGEMENT SYSTEMS, INC.<br>PO Box 855<br>Des Moines, IA 50306-0855<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>OF LACKAWANNA COUNTY<br><br><br><br><br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br>No. 22 cv 1025 |

## COMPLAINT

**NOW** comes Plaintiff, Michael Lepka, by and through his undersigned counsel, Munley Law, P.C., and avers as follows:

1. Plaintiff Michael Lepka ("Plaintiff") is a competent adult individual residing at 2079 North Main Street, Scranton, Lackawanna County, Pennsylvania 18508.

2. Defendant Charles H. Garton, III ("Defendant Driver"), upon information and belief, is a competent adult individual residing at 129 Jackson Street, Gordonsville, VA 22942-9225.

3. Defendant Ruan Transport Corporation, upon information and belief, is a foreign corporation based at 666 Grand Avenue, Des Moines, IA, with a registered agent for service of process at CT Corporation System at 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

4. Defendant Ruan Transport Corporation regularly conducts business in Lackawanna County, Pennsylvania.

5. Defendant Ruan Transportation Management Systems, upon information and belief, is a foreign corporation with primary address of PO Box 855, Des Moines, Iowa 50306-0855, with a registered agent for service of process at CT Corporation System at 600 N 2nd St. Ste 401, Harrisburg, PA 17101.

6. Defendant Ruan Transportation Management Systems regularly conducts business in Lackawanna County, Pennsylvania.

7. Based upon information and belief, Defendant Ruan Transport Corporation and Ruan Transportation Management Systems are related corporations with shared management and shall be collectively referred to as "Defendant Ruan Transport".

8. At all times pertinent hereto, Plaintiff was the operator of a 1999 Jeep Grand Cherokee SUV owned by Rosemary Torda.

9. At all times pertinent hereto, Defendant Driver was the operator of a 2019 tractor, license plate FA8500, hauling a 2021 Utility Tool & Body trailer, license plate FA8451, both owned by Defendant Ruan Transport Corp.

10. On or about July 8, 2020, at approximately 3:30 P.M., Plaintiff was operating aforementioned SUV traveling southbound in the right travel lane on I-81, north of mile marker 87.4, in Union Township, Lebanon County, Pennsylvania.

11. At the same time and place, Defendant Driver was operating Defendant Ruan Transport's tractor-trailer southbound in the left travel lane on I-81.

12. Based upon information and belief, when it began to rain, traffic slowed, and Plaintiff slowed the SUV he was operating in the flow of traffic.

13. Based upon information and belief, Defendant Driver attempted to slow, but he operated the tractor-trailer in such a fashion that he slid, suddenly and violently striking the rear of the SUV, and jackknifing, causing a 9-vehicle collision.

14. Based upon information and belief, the collision was caused due to Defendant Driver's actions on slippery roads, and he was cited for traveling too fast for conditions.

15. Based upon information and belief, Defendant Ruan Transport contributed to the accident through its negligent hiring, negligent training, negligent supervision, and otherwise failing to ensure Defendant Driver was capable of operating the tractor-trailer in a safe fashion.

16. Defendant's actions caused Plaintiff to sustain serious and permanent injuries as are hereinafter more fully described.

17. As a direct and proximate result of the collision, Plaintiff has suffered severe and permanent personal injuries including, but not limited to: traumatic brain injury, headache, body stiffness and limited movement, bilateral arm pain, low back pain with pain and tingling radiating into his lower extremities, neck pain, knee pain, and mid-back injury including T11-T12 disc bulge, all of which caused him, and will continue to cause him for an indefinite period of time in the future, great pain, agony and suffering, both physical and mental.

18. As a direct and proximate result of the collision and injuries sustained, Plaintiff has been forced to undergo medical treatment and medical procedures including but not limited to diagnostic studies including MRI studies, medication, physical therapy and other expenses in an

effort to treat and cure himself of the injuries sustained in this collision, and he will be obliged to expend additional sums of money for the same purposes in the future because his injuries are permanent in nature.

19. As a direct and proximate result of the motor vehicle collision and injuries sustained, Plaintiff has expended, and will expend for an indefinite time in the future, various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure himself of his injuries all to his great financial loss and damage.

20. As a direct and proximate result of the motor vehicle collision and injuries sustained, Plaintiff has been, and will into the future be unable to go about his usual and daily occupation and routine because his injuries are permanent in nature.

21. As a result of the motor vehicle crash and injuries sustained, Plaintiff has been, and will for an indefinite time in the future be forced to suffer embarrassment, humiliation, and a loss of the pleasures of life.

22. As a direct and proximate result of the motor vehicle collision and injuries sustained, Plaintiff has suffered, and will continue to suffer, wage diminution or lessening of his earning power and earning capacity, and will continue to suffer same in the future, due to his permanent injuries.

23. As a direct and proximate result of the motor vehicle collision and injuries sustained, Plaintiff has experienced the following damages, losses and disabilities consisting of, but not limited to, the following:

    a.    Past, present and future pain and suffering;

    b.    Past, present and future emotional distress and mental anguish;

    c.    Past, present and future medical expenses;

d. Past, present and future loss of life's pleasures;

e. Past, present and future loss of earnings and/or loss of earning capacity.

24. All the conditions, disabilities, medical impairments and/or injuries and damages suffered by Plaintiff are directly related to the tortious actions of the Defendants.

## COUNT ONE
### Michael Lepka v. Charles H. Garton, III
### Negligence

25. Paragraphs 1-24 above are incorporated herein by reference as if fully set forth here at length.

26. The aforesaid motor vehicle crash was due to the negligent, careless, gross, wanton and/or reckless conduct of Defendant and in no way due to any negligent act or failure on the part of the Plaintiff.

27. The negligent, careless, gross, wanton and/or reckless conduct of Defendant consisted of the following:

   a. failure to operate the tractor-trailer at a safe speed under the conditions in violation of 75 Pa.C.S.A. § 3361;

   b. failure to properly operate the tractor-trailer on roadways laned for traffic in violation of 75 Pa.C.S.A. § 3309;

   c. failure to properly observe the roadway;

   d. failure to properly brake his vehicle;

   e. failure to maneuver his vehicle so as to avoid a collision;

   f. failure to maintain adequate control over his vehicle;

   g. failure to take proper evasive action so as to avoid a crash;

   h. failure to keep a proper lookout for vehicles on the roadway;

   i. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A. § 3714;

j. operating his vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

k. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present; and

l. failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Union Township, Lebanon County, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania.

28. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Michael Lepka demands judgment against Defendant Charles H. Garton, III, in an amount in excess of $50,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

## COUNT TWO
### Michael Lepka v. Defendant Ruan Transport Corporation and Ruan Transportation Management Systems, Inc
### Negligence

29. Paragraphs 1-28 above are incorporated herein by reference as if fully set forth here at length.

30. The aforesaid accident was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Ruan Transport by and through its agents, servants, workmen and employees including Charles H. Garton, III, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

31. The negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Ruan Transport consisted of the following:

a. negligently entrusting Charles H. Garton, III, with the vehicle of which Defendant Ruan Transport was the owner when it knew or should have known that Charles H. Garton, III, lacked sufficient skill, judgment and prudence in the operation of a tractor-trailer;

    b.    failing to adequately instruct Charles H. Garton, III, in the safe operation of the truck prior to entrusting him with the truck of which Defendant Ruan Transport was the owner;

    c.    failing to prevent Charles H. Garton, III, from operating the truck of which Defendant Ruan Transport was the owner until he had sufficient ability to operate the motor vehicle safely;

    d.    failing to adequately ascertain that Charles H. Garton, III, lacked the ability necessary to safely operate the truck of which Defendant Ruan Transport was the owner under the circumstances;

    e.    failing to provide Charles H. Garton, III, with the equipment necessary to safely operate a truck;

    f.    failing to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and Pennsylvania statutes and regulations;

    g.    operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

    h.    operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

    i.    failing to provide Charles H. Garton, III, with proper training necessary to drive a truck;

    j.    failing to conduct a background check of the driving record of Charles H. Garton, III;

    k.    failing to properly supervise Defendant Charles H. Garton, III, in the operation of its tractor-trailer; and

    l.    failing to operate, inspect, maintain and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations and Pennsylvania statutes and regulations.

32. As a result of the above-stated acts and omissions, Plaintiff Michael Lepka has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Michael Lepka demands judgment against Defendant Ruan Transport Corporation and Defendant Ruan Transportation Management Systems, Inc., in an amount in excess of $50,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

Respectfully submitted:

**MUNLEY LAW PC**

*/s/ Robert W. Munley*
Robert W. Munley, III
PA ID No. 79706
Attorney for Plaintiff

## VERIFICATION

I, Michael Lepka, verify the statements made in the foregoing Complaint are true and correct to the best of my knowledge. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*[signature]*
Michael Lepka

# EXHIBIT B


# CT Corporation

**Service of Process Transmittal**
03/17/2022
CT Log Number 541241405

| | |
|---|---|
| **TO:** | Stacy Andersen<br>RUAN TRANSPORTATION MANAGEMENT SYSTEMS<br>666 Grand Ave Ste 3200<br>Des Moines, IA 50309-2545 |
| **RE:** | Process Served in Pennsylvania |
| **FOR:** | Ruan Transportation Management Systems, Inc. (Domestic State: IA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MICHAEL LEPKA // To: Ruan Transportation Management Systems, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22CV1025 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/17/2022 at 14:05 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification, Danielle Foster-Smith  dasmith@ruan.com<br><br>Email Notification, Stacy Andersen  sanderse@ruan.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>600 N. 2nd Street<br>Suite 401<br>Harrisburg, PA 17101<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.